1846.

WILDES
*v.*
CHAPMAN.

*May* 12.

---

WILDES and others *v.* CHAPMAN and others.

Where, on a dissolution of copartnership, one partner assigns all his rights in its stock and properties to the other and the latter covenants to apply such stock and properties to the debts of the firm, its creditors may follow it for that purpose, notwithstanding the receiving partner make divers transfers of it in fraud of the creditors and even though both parties are applicants under the bankrupt law. The effects become a trust fund for the creditors under the covenant.

---

DEMURRER taken by one of the defendants, Volney Gunn, to the bill. The complainants were judgment creditors of Marvin McNulty and George M. Chapman, who had been partners under the style of McNulty & Chapman; and from which firm McNulty had retired and Chapman had transferred to him the property and effects of the firm and covenanted to apply the same to the payment of its debts; but instead of doing so, he, in fraud of its creditors, as the bill alleged, made over parts of the property of the firm to divers persons, and among others to the defendant Volney Gunn. After all this both McNulty and Chapman applied for their respective discharge under the bankrupt act; the former passed, but the latter, on opposition, did not. The bill

*Jan.* 14, 1846.

*Debtor and creditor.*
*Trust fund.*
*Bankrupt law.*

sought to make the assets of the firm of McNulty & Chapman, wrongly disposed of by Chapman, pay the copartnership debts on the ground that they were a trust fund for such purpose.

The defendant Volney Gunn interposed a demurrer.

Mr. *Norton,* in support of the demurrer.

Mr. *J. T. Doyle,* contra.

*July* 28.     THE VICE-CHANCELLOR :—If the bill in this cause is to be regarded as a judgment creditor's bill, founded on the recovery of a judgment and the issuing and return of a *fi. fa.* unsatisfied, then it is defective in not containing all the averments required by the one hundred and eighty-ninth rule ; and what would be a greater objection is, that it shows, upon its face, that all the debtor's rights of property, which the bill points out, specifically passed by the decree in bankruptcy and became, by operation of law, vested in the general assignee and such general assignee is not made a party to the bill.

But this pleading is not to be regarded in the light of a judgment creditor's bill, which seeks payment solely of the complainants' debt.   It has another aspect: that of reaching property for the benefit of creditors generally of the former copartnership of McNulty & Chapman, on the ground of a trust created in relation to the property of that partnership for the benefit of all such creditors by the deed dissolving the partnership and transferring the property to Chapman solely, in trust for the purpose of paying the debts and under a covenant on his part so to apply it.   The bill shows enough to raise such a trust, and it traces property thus appropriated but diverted from that object and attempted to be misapplied by various assignments and transfers subsequently made.   As a trust fund, under the deed of dissolution, the partnership creditors have a right to pursue it in the hands of these defendants and, among the rest, in the hands of Mr. Gunn.   And, in this respect, according to Nelson, J., in *Cunningham* v. *Freeborn,* 11 Wend. R. 257, the bill is such as the complainants were at liberty to

file. Viewed in this light, all objection on the score of the decree in bankruptcy vanishes. The creditors claim under a trust created for their benefit, which the subsequent proceedings in bankruptcy could not affect or impair.

The demurrer of the defendant Gunn must be overruled, with costs.